IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03047-BNB

MARK COLLINS,

    Plaintiff,

v.

THE CITY OF GLENWOOD SPRINGS GOVERNMENT,

    Defendant.

---

ORDER OF DISMISSAL

---

    Plaintiff, Mark Collins, currently resides in Boulder, Colorado. Plaintiff, acting *pro se*, initiated this action by filing a Complaint challenging a criminal case filed against him in the City of Glenwood Springs Municipal Court. The Court must construe the Complaint liberally because Plaintiff is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court does not serve as a *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. The Court will dismiss the Complaint for the following reasons.

    Plaintiff's claims involve a pending trespassing case. Plaintiff asserts that the City of Glenwood Springs and the Garfield County Court have filed fraudulent cases against him over the past thirteen years. Plaintiff asserts that he did not commit a crime, and the City of Glenwood Springs has caused his indigency. Plaintiff seeks the "condemning of the boundry [sic] area of Glenwood Springs, Colorado with the immediate removal of all people in that boundry [sic] area except the plaintiff and the people of his choice." Compl., ECF No. 1, at 5. Defendant also requests that the

pending criminal case in the Glenwood Springs Municipal Court be dismissed and he be awarded $10 million dollars.

Absent extraordinary or special circumstances, federal courts are prohibited from interfering with ongoing state criminal proceedings. *See Younger v. Harris*, 401 U.S. 37 (1971); *Phelps v. Hamilton (Phelps II)*, 122 F.3d 885, 889 (10th Cir. 1997). Abstention under *Younger* is jurisdictional in nature, *see D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004), and is appropriate when three conditions are met:

> First, there must be ongoing state criminal, civil, or administrative proceedings. Second, the state court must offer an adequate forum to hear the federal plaintiff's claims from the federal lawsuit. Third, the state proceeding must involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

*Taylor v. Jaquez*, 126 F.3d 1294, 1297 (10th Cir. 1997). If the three requirements are met, and no exceptions to *Younger* apply, a federal court must abstain from hearing the case. *See Weitzel v. Div. of Occupational & Prof'l Licensing*, 240 F.3d 871, 875 (10th Cir. 2001).

The first condition is met because Plaintiff's charges remain pending against him in his state court criminal case. The second condition also is met because the Supreme Court "has recognized that the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986) (citing *Younger*, 401 U.S. at 44-45). Nothing in Plaintiff's complaint demonstrates that the state criminal proceeding is an inadequate forum for review of Plaintiff's claims. Accordingly, the state court proceeding offers Plaintiff a

forum to raise his challenges and the adjudication of this federal lawsuit would unavoidably invade the state court's ability to decide the same issues.  *See Younger,* 401 U.S. at 43-44; *see also Penzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 10-12 (1987) (noting that *Younger* abstention " 'offers the opportunity for narrowing constructions that might obviate the constitutional problem and intelligently mediate federal constitutional concerns and state interests' ") (quoting *Moore v. Sims*, 442 U.S. 415, 429-30 (1979))).

With respect to the third condition, the State has an important interest in the administration of its judicial system but even a greater interest in the enforcement of its criminal laws.  *See Penzoil*, 481 U.S. at 12-13 (citing *Juidice v. Vail*, 430 U.S. 327, 335 (1977).

The three exceptions to *Younger* abstention are (1) "bad faith or harassment," (2) prosecution under a statute that is "flagrantly and patently" unconstitutional, or (3) other "extraordinary circumstances" involving irreparable injury.  *Younger*, 401 U.S. at 46-55.  The exceptions to *Younger* provide a "very narrow gate for federal intervention."  *Phelps v. Hamilton (Phelps I)*, 59 F.3d 1058, 1064 (10th Cir. 1995) (internal quotation marks omitted).

Plaintiff, however, "may overcome the presumption of abstention 'in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown.' "  *Phelps II*, 122 F.3d at 889 (quoting *Perez v. Ledesma*, 401 U.S. 82, 85 (1971)).  Courts have considered three factors in determining whether a prosecution is commenced in bad faith or to harass:

> (1) whether it was frivolous or undertaken with no reasonably

> objective hope of success; (2) whether it was motivated by the defendant's suspect class or in retaliation for the defendant's exercise of constitutional rights; and (3) whether it was conducted in such a way as to constitute harassment and an abuse of prosecutorial discretion, typically through the unjustified and oppressive use of multiple prosecutions.

*Id*.  It is Plaintiff's " 'heavy burden' to overcome the bar of *Younger* abstention by setting forth more than mere allegations of bad faith or harassment." *Id*. at 890.

Plaintiff's fraud claims are conclusory and vague.  Plaintiff provides no details about the prosecution or any of the alleged cases over the past thirteen years other than to state that he did not commit a crime.  In summary, the instant action will be dismissed because the three conditions for abstention under *Younger* exist and none of Plaintiff's arguments demonstrate that there is a basis for an exception to *Younger* abstention.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal he also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the Complaint and action are dismissed without prejudice for the lack of jurisdiction.  It is

FURTHER ORDERED that all pending motions and requests are denied as moot.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this   20th   day of      November          , 2013.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court